**In re GRAND JURY INVESTIGATION and Isadore H. Bellis, a witness.**

**Appeal of Isadore H. BELLIS.**

**No. 73-1514.**

United States Court of Appeals, Third Circuit.

Argued July 2, 1973.

Decided July 9, 1973.

Certiorari Granted Oct. 15, 1973. See 93 S.Ct. 233.

Louis Lipschitz, Lipschitz & Danella, Leonard Sarner, Philadelphia, Pa., for appellant.

Peter F. Vira, Thomas A. Bergstrom, Sp. Attys., U. S. Dept. of Justice, for appellee.

Before SEITZ, Chief Judge, and GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

The district court found appellant in civil contempt and entered an appropriate order. Appellant appeals that order.

Appellant poses the following single issue:

> Whether a partner of a three-man law partnership in the process of winding up after dissolution may invoke his Fifth Amendment privilege against compulsory self-incrimination to prevent the production, pursuant to a Grand Jury Subpoena Duces Tecum, of financial books and records of the partnership in his possession.

Appellant Bellis was served with a Federal Grand Jury Subpoena directing him to appear and testify and to bring with him "all partnership records currently in your possession for the partnership of Bellis, Kolsby & Wolf for the years 1968 and 1969." Appellant appeared and refused to produce the documents or answer any questions in connection therewith, asserting his rights under the First, Fourth, Fifth and Sixth Amendments to the United States Constitution. Thereupon, the United States filed a mo-

---

1. Our disposition of the appeal makes it unnecessary for us to consider the other errors urged by Lee.

tion in the district court to compel the appellant to produce the books and records described in the subpoena. The issue is limited, at least at this stage, to the production of documents.

A hearing was held before the district court on the government's contempt motion. The appellant confined his claim to his Fifth Amendment privilege. The district court ruled, inter alia, that since the documents were partnership papers, they were not subject to appellant's personal privilege. He thereupon ordered appellant to comply with the subpoena. The court excluded from its order, "any individual client files containing any advice or confidential relationships between the attorney and attorney and client."

The appellant reappeared before the Grand Jury and on the advice of counsel repeated his refusal to produce the subpoenaed records, inter alia, on the same constitutional grounds. Thereupon the Government orally moved before the district court in the presence of appellant's counsel for a contempt order. Such an order was entered and this appeal followed.

Fortunately, the facts material to our disposition of this case are not in dispute. The subpoenaed documents are the partnership records of a three-man law partnership for the years 1968 and 1969. The partnership also had about six additional employees. Appellant was the senior partner and personally supervised the work of the bookkeeper. The partnership was dissolved in the latter part of 1969 and is still in the process of being wound up. After formal dissolution, the partnership records remained in the office of the partnership pending the winding up. However, at the time the subpoena was served, they were in the appellant's possession.

The sole issue is whether an individual partner, assumedly in lawful possession of partnership records of a dissolved partnership, may refuse to produce such records on the ground that such·production would violate his Fifth Amendment rights.

■ ■ The judicial history of the privilege against self-incrimination is tortuous to say the least. But we are satisfied that it was not intended that the privilege was to apply to the possession of records of an entity such as a partnership which has a recognizable juridical existence apart from its members. We say this because the privilege has always been regarded as personal in the sense that it applies only to an individual's words or personal papers. United States v. White, 322 U.S. 694, 64 S. Ct. 1248, 88 L.Ed. 1542 (1944). Since the subpoena and implementing order only directed the production of records of a partnership, certainly a separate legal entity, it follows that their production would constitute no encroachment on the appellant's privilege with respect to his personal records.

We recognize that United States v. White, *supra*, seems to lay down a somewhat more involved test. However, we think our conclusion is consistent with the fundamental approach of that decision.

Appellant would have us distinguish between the records of a large, presumably impersonal, partnership and those of a small law firm. In this way he would distinguish our conclusion in In re Mal Bros. Contracting Co., 444 F.2d 615 (3d Cir. 1971). Not only is the distinction inconsistent with the dictum in that case, but more to the point, it would suggest a test which tends to ignore the fact that only the records of the separate entity are involved and loses sight of the personal nature of the privilege.

We think the district court correctly decided that the appellant was not entitled to assert a personal privilege with respect to the partnership records in his possession despite the modest size of the partnership entity.

The order of the district court will be affirmed.